UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE | ) | |
| COMPANY, INC. | ) | |
| Plaintiff | ) | |
| | ) | Case No. 22-cv-61648 |
| | ) | Hon. Raj Singhal |
| | ) | |
| v. | ) | |
| | ) | |
| TITAN WELLNESS CENTER OF FORT MYERS | ) | |
| HOA NGUYEN, ET. AL. | ) | |
| Defendants | ) | |
| _____ | / | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
CLAIMS 1-6, 9, AND 15 OF THE COMPLAINT**



 */s/  Andrew S. Feldman*
Feldman Firm PLLC
150 Southeast 2nd Avenue, Suite 600
Miami, Florida 33131
Office:          305.714.9474
Email:          afeldman@feldmanpllc.com
Florida Bar No. 60325
*Attorney for Defendants*

## I.      INTRODUCTION

Claims One Through Six, Nine, and Fifteen (the "Claims") must be dismissed  with prejudice against Titan Wellness Center of Fort Myers LLC ("Titan") and Dr. Hoa Nguyen, ("Dr. Nguyen") with prejudice under Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8. Boiled to its essence, this lawsuit boldly alleges that Titan, a family business, and its owner, a licensed chiropractor, Dr. Nguyen, operated an illegal enterprise whose objective was to defraud GEICO of personal injury protection (PIP) benefits to which Titan was not entitled. To support each of these specious RICO claims, GEICO alleges that Titan and Dr. Nguyen committed predicate acts of wire and mail fraud in furtherance of RICO violations. *See* Claims 2-3 of Complaint. In addition, GEICO alleges that Dr. Nguyen and Titan conspired with co-defendants ISO Diagnostics and Stein, P.A. as part of their "ongoing" enterprises. *See generally* Claims 9 and 15; *see also* 18 U.S.C. §1962(d).

GEICO's claims rest on conjecture and dubious legal conclusions about the practice of chiropractic medicine. In each RICO claim, GEICO repeats the same meritless RICO buzz words that Titan and Dr. Nguyen engaged in a "pattern of racketeering activity" or conspired with others to do so by submitting or causing fraudulent claims to be submitted to GEICO for PIP benefits to which Titan, ISO Diagnostics, or Stein PA were not entitled; for services that were not medically necessary; using billing codes (CPT codes) that "exaggerated" the services provided to patients; and pursuant to "a pre-determined fraudulent protocol designed solely to financially enrich Defendants.." Yet, despite this broad swath of supposedly fraudulent conduct alleged in the sweeping 100-plus-page Complaint to support the RICO Claims, there are numerous reasons this Court may dismiss the RICO Claims (Claims Two and Three) against Dr. Nguyen and Titan.

1

*First,* GEICO alleges series of incorrect legal conclusions about Titan's eligibility to receive PIP benefits or to offer medical equipment which are insufficient to allege predicate acts of mail or wire fraud necessary to plead a pattern of racketeering activity under RICO. *Second,* the Complaint fails to plead necessary elements of either Florida Patient Brokering Act and the Florida Anti-Kickback Statute based on referrals between medical providers absent ny allegation that Dr. Nguyen or Titan engaged in a fee splitting agreement or received or offered or paid any bribe, rebate, bonus, kickback (in kind, in cash, directly or indirectly), or commission to any other defendant in this action. Similarly, even if the Complaint hurdled this deficiency, this Circuit and Florida courts have held that kickbacks and patient brokering, standing alone, are an insufficient basis as a matter of law to allege the necessary predicate acts of fraud to state a claim for RICO. *Third,* even though GEICO alleges an assortment of supposedly fraudulent treatment provided by Titan and Dr. Nguyen, GEICO fails to identify a single false statement or lie attributable to Titan or Dr. Nguyen to support the false premise that Dr. Nugyen or Titan somehow perpetrated acts of mail or wire fraud. Accordingly, Rule 9(b) supports dismissal because GEICO fails to plead any fraudulent conduct with particularity.  *Fourth,* those same allegations of supposed fraudulent treatment are based almost exclusively on GEICO's disagreement with individualized medical judgments made by Titan and Dr. Nguyen which is insufficient to allege predicate acts of wire or mail fraud necessary to state a claim for RICO. *See generally* Complaint at 23-56, ¶¶95-213 (Section F summarizing the supposed manner and means used to violate RICO).

Claims Nine and Fifteen must be dismissed for similar reasons. *First,* because GEICO fails to allege substantive RICO claims against Dr. Nguyen and Titan, the RICO conspiracy claims in Claim Nine and Fifteen must fail**.** *Second,* GEICO fails to allege any facts or

information describing how Titan or Dr. Nguyen participated in the affairs or management of either Stein PA or ISO Diagnostics and therefore Claims Nine and Fifteen must be dismissed under the Supreme Court's test for RICO articulated in *Reeves*.

Beyond this, for substantially similar reasons, the additional Claims against Dr. Nguyen and Titan must be dismissed. Claim Five for fraud must be dismissed for the same reasons as the RICO Claims must be dismissed because GEICO fails to state a claim for common law fraud. Claim Six for unjust enrichment must be dismissed because GEICO fails to allege any facts demonstrating that it would be inequitable for Titan to retain monies lawfully received from GEICO. Claim Four, GEICO's FDUPTA claim, must be dismissed because GEICO fails to allege any facts demonstrating that Titan and Dr. Nguyen have engaged in a deceptive, unfair, or anti-competitive business practice under the Act. Finally, GEICO's Claim for declaratory relief (Claim One) must be dismissed because GEICO fails to allege an actual case or controversy, including any facts indicating the substantial likelihood of future pecuniary harm to GEICO as opposed to speculative, attenuated threat of injury.

## II.      APPLICABLE LEGAL STANDARDS
### A.  Motion to Dismiss Standard and Pleading Fraud with Particularity Under Rule 9(b)

Under the Federal Rules of Civil Procedure, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Bell Atl. Corp.*, 550 U.S. at 557). To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft*, 556 U.S. at 678 A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Id.* at 678; *MSP Recovery Claims v. Caring Voice Coal.*, 21-21317-Civ-GAYLES/TORRES, at *6 (S.D. Fla. July 21, 2022) ("Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. ").

Furthermore, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud and the question of whether a complaint satisfies Rule 9(b) is decided on a case-by-case basis, but even detailed portrayals of fraudulent schemes followed by conclusions that false claims must have been submitted is insufficient. *See United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1358 (11th Cir. 2006). At its base, Rule 9(b) requires a plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). This means where multiple defendants are involved, the complaint must contain sufficient, specific allegations with respect to each defendant rather than lumping all defendants together. *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

### B.  Pleading Violations of Civil RICO Statute Premised on Mail or Wire Fraud

"To recover, a civil plaintiff must establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts*." Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). A civil plaintiff must also show "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by

reason of the substantive RICO violation." *Id.* (citing *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282-83 (11th Cir. 2006)).

RICO defines an 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017) (citing 18 U.S.C. § 1961(4))." An "associated-in-fact enterprise," is an enterprise with "(1) a 'purpose,' (2) 'relationships among those associated with the enterprise,' and (3) 'longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Almanza*, 851 F.3d at 1067.

A "pattern of racketeering activity" requires the plaintiff to establish "at least two acts of racketeering activity." 18 U.S.C. § 1961(5); *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997). Section 1961(1) lists wire and mail fraud as "racketeering activity" for raising a RICO cause of action. *See* 18 U.S.C. §§ 1341, 1343, 1961(1). When such acts of mail or wire fraud are alleged as the predicate acts that are indictable as racketeering activity … a plaintiff must allege facts sufficient to support the element of intentional misrepresentation that is part of a "scheme to defraud." *Beck v. Prupis,* 162 F.3d 1090, 1095 (11th Cir. 1998). And, a plaintiff relying on violations of mail fraud as predicate acts for civil RICO claims must show that he suffered injury as a result of those violations — namely, that the violations proximately caused his damages. *Pelletier v. Zweifel*, 921 F.2d 1465, 1499 (11th Cir. 1991). The *sine non qua* of wire fraud is a scheme or artifice to defraud. *United States v. Takhalov*, 827 F. 3d 1307, 1312-13 (11th Cir. 2016) (other citation omitted) (reversing a wire fraud conviction and emphasizing that "the law in the Eleventh Circuit makes clear that a defendant "schemes to defraud" only if he schemes to "depriv[e] [someone] of something of value by trick, deceit, chicane, or overreaching."). Wire fraud also requires proof a material

misrepresentation. *Neder vs. United States,* 527 U.S. 1, 15-16 (1998) (reversing a conviction for wire fraud finding that materiality is a necessary element which a jury must find beyond a reasonable doubt to find a defendant guilty of mail, wire or bank fraud). "[T]he term `material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Neder,* 527 U.S. at 16.

### III.    FACTUAL ALLEGATIONS RELEVANT TO EACH CLAIM

To support each of its Claims in the Complaint, GEICO alleges an amalgamation of supposedly fraudulent and deceptive conduct involving Dr. Nguyen and Titan as set forth below.

#### A.  Titan's Supposed Failures to Comply with Licensure Rules

GEICO alleges that Titan and Dr. Nguyen operated Titan in violation of Fla. Stat. Section 409.9905 because Titan did not satisfy the "wholly owned" exemption to licensure under the Healthcare Clinic Act (HCCA) because Dr. Nguyen failed to supervise and ensure Titan's compliance with applicable laws *See* Complaint at 9-10, ¶¶48-52. Further, GEICO alleges that Titan and Dr. Nguyen operated in violation of the Home Medical Equipment (HME) laws because it sought reimbursement for HME claims without an HME license. See Complaint at 14-15, ¶¶70-73.

#### B.  Supposed Violations of Patient Brokering Act and Florida Anti-Kickback Statute

GEICO alleges that Titan and Dr. Nguyen violated the Florida Patient Brokering Act and the Florida Anti-Kickback Statute. See Complaint, at 14-24, ¶¶74-100. GEICO repeats the same conclusory statements to support these assertions. First, that Titan and Dr. Nguyen referred an Insured to Stein P.A. for a medically unnecessary examination which was then billed by Stein PA to Geico. *See* Complaint, at  16-20, ¶82(i)-(x). Second, and more importantly, that "[a]s unlawful compensation for the referral, Stein and Stein P.A. falsely diagnosed the Insured with

an 'emergency medical condition,' which enabled Titan and Nguyen to submit Thousands of dollars in additional PIP billing through Titan to GEICO in connection with the medically unnecessary chiropractic, physical therapy, and other [unspecified] Fraudulent services that they purported to provide to the Insured. *Id.* at 16-20, ¶82(i)-(x). Third, that Insureds suffering injuries from an accident "did not both require referrals from Titan and Dr. Nguyen to Stein and Stein PA and from Stein and Stein PA to Baruch and ISO Diagnostics" and that "Titan and Nguyen referred [the Insureds] to Stein and Stein PA for medically unnecessary examinations and muscle strength testing and Stein and Stein PA referred both of the Insureds to ISO Diagnostics and Baruch for medically unnecessary range of motion and muscle strength testing pursuant to the Defendants' unlawful patient brokering scheme." *Id.* at 21-23, ¶92(i)-(v).

### C. Constellation of Supposed Fraudulent Treatments and Billing Protocols Based on Disagreements Concerning the Use of CPT Codes

GEICO alleges that Titan and Dr. Nguyen provided fraudulent treatment to its patients (*i.e.* the Insureds) and engaged in pre-determined fraudulent billing protocols as follows:

- Titan and Dr. Nguyen submitted misrepresentations concerning severity of the insured's presenting problems, the quality of the physical examinations, and the extent of the medical decision making to support Titan's submission of claims using CPT Code 99203 for initial examinations. *See* Complaint at 24-36, ¶¶101-126

- Titan and Dr. Nguyen submitted misrepresentations concerning severity of the insured's presenting problems, the nature extent, and results of the follow up examination, to support Titan's submission of claims using CPT Codes 99213 and 99214 for follow up examinations. *Id.* at 36-44, ¶¶127-157

- Titan and Dr. Nguyen submitted unlawful claims for health and behavioral assessments using CPT codes 96150, 96151, and 96156. *Id.* at 45-47, ¶¶158-170

- Titan and Dr. Nguyen submitted fraudulent charges for claims using medically unnecessary ligament laxity testing under CPT code 76499. *Id.* at 47-51, ¶¶171-185

- Titan and Dr. Nguyen submitted fraudulent charges for claims using various CPT codes involving medically unnecessary chiropractic and physical therapy treatment purportedly provided by Dr. Nguyen and Titan. *Id.* at 51-53, ¶¶186-196

- Titan and Dr. Nguyen submitted fraudulent charges for claims using HCPCS code L0637 involving medically unnecessary home medical equipment (HME), lumbar-sacral orthotics (LSO), for which Titan was not entitled to receive benefits. *Id.* at 53-56, ¶¶197-213.

## IV.   ARGUMENT

### A. Counts 2-3 of the RICO Claims Must be Dismissed with Prejudice

Counts 2-3 of the Complaint must be dismissed with prejudice.

1. <u>GEICO fails to Allege a Pattern of Racketeering Activity Based on Supposed HCCA Violations</u>

The allegations that Defendants failed to satisfy an exemption are, at best, conclusory statements, and opinions about the application of Florida law to Defendants. Florida law specifically exempts Titan Wellness and Dr. Nguyen from licensure under the Clinic Act when the clinic is owned by a licensed health care provider.  See Fla. Stat. Sections 400.991 and 400.9905 and 400.9905(4)(g) (2009) (to lawfully operate, a health care clinic must either obtain a license through Florida's Agency for Health Care Administration ("AHCA") or qualify for an exemption, such as being "wholly owned by a licensed health care practitioner" such as a chiropractor). Under this exemption, the licensed health care practitioner must own and supervise the business activities of the clinic and remain legally responsible for the entity's compliance with all federal and state laws. Fla. Stat. § 400.9905(4)(g).

Absent from the Complaint is any allegation that Dr. Nguyen did *not* own Titan as a licensed health care provider. See Fla. Stat. § 400.9905(4)(g). Instead, the Complaint repeats conclusory statements and speculates that Dr. Nguyen failed to supervise the activities at Titan to ensure compliance with applicable laws, and because of this speculative non-compliance, Titan has become ineligible to collect PIP benefits. *See* Complaint, at 8-10. GEICO's mere legal

conclusions, speculation, and subjective interpretations of treatments provided by Titan and Dr. Nguyen cannot serve as a proxy for pleading sufficient facts or details or information showing how Dr. Nguyen failed to supervise the activities at Titan. *Ashcroft*, 556 U.S. at 678. Accordingly, on this basis, GEICO fails to allege any pattern of racketeering activity.

2.  <u>GEICO fails to Allege a Pattern of Racketeering Activity Based on Supposed HME Licensure Violations</u>

Florida law specifically exempts Titan Wellness and Dr. Nguyen from licensure under the HME when the clinic is owned by a licensed health care provider, such as chiropractor. That Act states in pertinent part: (**5**) ***The following are exempt from home medical equipment provider licensure***, unless they have a separate company, corporation, or division that is in the business of providing home medical equipment and services for sale or rent to consumers at their regular or temporary place of residence pursuant to the provisions of this part…….***(j) Licensed health care practitioners who use home medical equipment in the course of their practice but do not sell or rent home medical equipment to their patients.*** Fla. Stat. § 400.93(5)(j) (emphasis ours).

There is no allegation in the Complaint anywhere that Titan was *not* an organization owned and operated by a licensed health care practitioner, *i.e.* a chiropractor, Dr. Nguyen. Nor is there any allegation in the Complaint that Titan or Dr. Nguyen sold or rented medical equipment to patients. *See* Fla. Stat. § 400.93(5)(j)  For these reasons alone, the Complaint fails to allege any pattern of racketeering sufficient to state a RICO claim based on supposed non-compliance with the HME licensure laws.

3.  <u>GEICO fails to Allege a Pattern of Racketeering Activity Based on Violations of the Florida Patient Brokering and Anti-Kickback Acts</u>
    GEICO fails to allege a pattern of racketeering activity based on supposed violation of Florida Anti-Kickback and Florida patient brokering laws necessary to state a claim under RICO for two reasons.

First, absent from the Complaint are any allegations that that Dr. Nguyen or Titan received or offered or paid any bribe, rebate, bonus, kickback (in kind, in cash, directly or indirectly), or commission to any other defendant in this action. Each of these are elements of any kickback or patient brokering offense in Florida. *See* Fla. Stat. Sections 817.505 (Patient Brokering)[1] and 456.054 (Anti-Kickback Statute)[2]. Yet GEICO's interpretations of criminal laws strips both statutes of these critical, indispensable elements – the bribe, the cash payment, the commission, the rebate, the kickback, or the split fee.[3] In doing so, GEICO alleges that the supposed "unlawful compensation" offered by Stein P.A. to Titan and Dr. Nguyen was Dr. Stein's *referral of patients who he falsely diagnosed as having an "emergency medical condition.*" *See* Complaint, at 16-17 ¶82 and ¶84; *see also* 21-23, ¶¶91-92 (alleging that referrals from Titan and Dr. Nguyen to Stein and Stein PA for medically unnecessary services were "unlawful compensation"). This borders on the absurd and no case in this district or this Circuit has found

---

[1] Fla. Stat. § 817.505 states:**(1)** It is unlawful for any person, including any health care provider or health care facility, to:**(a)** Offer or pay a ***commission, benefit, bonus, rebate, kickback, or bribe***, directly or indirectly, in ***cash*** or in kind, or ***engage in any split-fee arrangement***, in any form whatsoever, to induce the referral of a patient or patronage to or from a health care provider or health care facility;**(b)** Solicit or receive a ***commission, benefit, bonus, rebate, kickback, or bribe***, directly or indirectly, in ***cash*** or in kind, ***or engage in any split-fee arrangement***, in any form whatsoever, in return for referring a patient or patronage to or from a health care provider or health care facility;**(c)** Solicit or receive a ***commission, benefit, bonus, rebate, kickback, or bribe***, directly or indirectly, in ***cash*** or in kind, or ***engage in any split-fee arrangement,*** in any form whatsoever, in return for the acceptance or acknowledgment of treatment from a health care provider or health care facility

[2] Fla. Stat. § 456.054 states: "**(1)** As used in this section, the term "kickback" means a ***remuneration or paymen***t, by or on behalf of a provider of health care services or items, to any person as an incentive or inducement to refer patients for past or future services or items, when the payment is not tax deductible as an ordinary and necessary expense.**(2)** It is unlawful for any health care provider or any provider of health care services to offer, pay, solicit, or receive a ***kickback***, directly or indirectly, overtly or covertly, in cash or in kind, for referring or soliciting patients.**(3)(a)** It is unlawful for any person or any entity to pay or receive, directly or indirectly, a ***commission, bonus, kickback, or rebate*** from, or to engage in any form of a ***split-fee arrangement*** with, a dialysis facility, health care practitioner, surgeon, person, or entity for referring patients to a clinical laboratory as defined in s. 483.803."

[3] The court in *Med. Mng. Group v. State Farm Auto*, 811 So. 2d 705, 706 (Fla. Dist. Ct. App. 2002) explained a split-fee arrangement as "Medical Management Group of Orlando, which is not a medical provider but had referred the patient to Premier Advanced Imaging under an arrangement whereby MMGO "leased" space, equipment and services from Premier, which performed the MRI. Premier billed MMGO $350 for the MRI and MMGO, in turn, billed State Farm $1,400 for it." Nowhere in the Complaint is there any allegation of any similar conduct here.

that such allegations are sufficient to state a cause of action under either the patient brokering or anti-kickback statutes.

Second, this Circuit held that kickbacks, standing alone, are an insufficient basis as a matter of law to impute fraud. *United States v. Medina*, 485 F.3d 1291, 1298 (11th Cir. 2007) ("We hold that based on the facts of this case, representatives of Ocean and United paying kickbacks alone is not sufficient to establish health care fraud. While we acknowledge that paying kickbacks like those at issue in this case is a violation of 42 U.S.C. § 1320a-7b(b)(2)(A), we cannot hold that this conduct alone is sufficient to establish health care fraud without someone making a knowing false or fraudulent representation to Medicare."). This is precisely what GEICO attempts to do here by alleging that violations of the Florida patient brokering, and anti-kickback acts may constitute predicate acts of wire and mail fraud (as the supposed pattern of racketeering activity) to allege RICO Claims against Titan and Dr. Nguyen. Finally, at least one Florida court has held that such violations cannot constitute the predicate acts under RICO. *See also State v. Rubio*, 917 So. 2d 383, 399 (Fla. Dist. Ct. App. 2005), citing *State v. Gusow*, 724 So.2d 135 (Fla. 4th DCA 1998) ("Since the patient brokering acts do not relate to fraudulent practices, false pretenses or fraud generally, they will not support the racketeering charges" and "striking the patient brokering incidents from counts 1, 2 and 130 as they do not relate to fraud.")

   4.   <u>GEICO's Disagreements with Titan and Dr. Nguyen's Use of CPT Codes Cannot Constitute a Pattern of Racketeering Activity Where GEICO Fails to Allege a Single Identifiable Fraudulent Statement or Representation Attributable to Titan or Dr. Nguyen</u>

GEICO's disagreements with the use of certain CPT Codes by Titan and Dr. Nguyen's and mere conclusions that medical services provided by Titan and Dr. Nguyen were "medically unnecessary" is insufficient to allege a pattern of racketeering activity premised on violations of the mail or wire fraud statute where, as here, GEICO fails to allege a single identifiable false statement or representation attributable to Titan or Dr. Nguyen or the content of the statements.

11

*Funding Metrics, LLC v. Decision One Debt Relief LLC*, CASE NO.: 18-81061-CIV-Bloom/Reinhart, at *4 (S.D. Fla. Feb. 22, 2019) (reiterating that the Rule 9(b) requires a plaintiff to allege (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff) Instead, GEICO concludes – exercising its own subjective medical judgments and conclusions --- that because testing, examinations, and services were supposedly medically unnecessary, each of the claims submitted by Dr. Nguyen and Titan were "fraudulent." *See* Complaint, at 24-53; *see also Ill. Farmers Ins. Co. v. Mobile Diagnostic Imaging, Inc.*, No. 13-CV-2820 (PJS/TNL), at *25 (D. Minn. Aug. 19, 2014) (" Plaintiffs have simply provided a list of every MRI scan performed by MDI during a five-year time period and argued, in essence, that some unknown number of these scans must have been medically unnecessary" and noting that "the conclusory statement that the scans were medically unnecessary is not entitled to the assumption of truth."); *Ironworkers Local Union 68 v. Astrazeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1363 (11th Cir. 2011) (dismissing RICO claims and noting that "[t]he issue of whether prescriptions are medically unnecessary or inappropriate — like most health care delivery questions — depends on the standards of practice in the medical profession."); *Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, at *25 (S.D. Ohio June 26, 2014) ("the factual allegations in the FAC do not show that all Plaintiffs were subjected to medically unnecessary surgeries. Rather, the facts allege that all Plaintiffs underwent surgery involving PureGen, some of which may have been medically unnecessary. Accordingly, Plaintiffs' allegations, as pled, are not sufficiently particular. Plaintiffs are required to plead the precise false statement at issue with the requisite particularity under Rule 9(b).").

a. *CPT Code 99203 – Initial Exams*

GEICO speculates that, because a handful of police reports supposedly omitted any reference to an injury or a visit to a hospital, the use of CPT Code 99023 to indicate that the Insured experienced an injury of moderate severity automatically constitutes wire and mail fraud. *See* Complaint at 26-27, ¶109. Similarly, GEICO hypothesizes that because Titan and Dr. Nguyen supposedly failed to "document an extended examination of Insured's" musculoskeletal systems according to the guidelines for CPT Code 99023 somehow this document failure constituted wire fraud and/or mail fraud. *See* Complaint, 28-29 at ¶113. Lastly, GEICO alleges a series of conclusions regarding the level of complexity or decision-making that Dr. Nguyen and Titan undertook to treat certain Insureds. *See* Complaint at 30-31; *id.* at 33-35, ¶ 119 (alleging in conclusory fashion that Titan and Nguyen provided the Insureds with the "substantially identical phony soft tissue injury diagnoses and recommended a substantially identical course of unnecessary medical treatment).  Despite these conclusions, GEICO fails to allege or identify any false statements that Titan or Dr. Nguyen made concerning any particular patient or Insured.

b. *CPT Codes 99213 and 99214 – Follow Up Exams*

In addition, GEICO alleges that Titan and Dr. Nguyen committed wire and mail fraud because they submitted claims for follow-up exams using CPT Codes 99213 and 99214.  Again, GEICO bases these meritless allegations on nothing more their subjective interpretations of *police reports* which supposedly omit references to serious injuries at the time of the accident. *See* Complaint 38-40, ¶ 138; *id.* at 41-43, ¶151.

c. *CPT Codes 96150, 96151 and 96156 for Health and Behavioral Assessments*

 GEICO alleges that Titan and Dr. Ng used pre-printed questionnaires to bill for health and behavioral assessments in contravention of the requirements for billing under CPT codes 96150,

96151, and 96156. Complaint at 45-47. Despite this, contrary to the requirements of Rule 9(b), GEICO fails to identify any specific Insured that completed a questionnaire, any specific false or fraudulent statement in connection with an Insured, or the content of any statement in connection with an Insured and instead alleges generally that this was another fraudulent practice at Titan.

### d.   CPT Code 76499 for Ligament Laxity Testing

GEICO alleges that because Dr. Nguyen and Titan supposedly failed to incorporate the results of ligament laxity testing into the final treatment plan of the Insured, such testing was medically unnecessary, and therefore, fraudulent. *See* Complaint at 47-51. GEICO further surmises that there is inadequate scientific data to support ligament laxity testing. *Id.* at 48, ¶¶178-19. Neither of these allegations is sufficient to constitute the predicate act of wire or mail fraud. *Takhalov* at 1312. Indeed, the failure to incorporate the results of specific testing – even if true -- could be the consequence of a myriad of other factors made by chiropractor as part of his independent medical decision making. Such a failure, alone, cannot give rise to a plausible claim of fraud. *Ashcroft*, 556 U.S. at 678.

### e.   CPT Codes for Chiropractic Treatment and Physical Therapy

GEICO alleges that Titan and Dr. Nguyen submitted false claims for physical therapy and chiropractic treatment in contravention of certain CPT codes. *See* Complaint, at 51-52. Yet, GEICO fails to allege a single fraudulent or false statement, a single false or fraudulent diagnosis rendered to any specific Insured, or the content of a specific statement attributable to Dr. Nguyen or Titan. Instead, it surmises that Dr. Nguyen and Titan provided medically unnecessary treatments to "virtually always." *See* Complaint, at 52, ¶195.

### f.   Use of Home Medical Equipment (L0637)

14

Lastly, GEICO alleges that Dr. Nguyen and Titan submitted fraudulent claims for lumbar-sacral orthotics (LSO) under HCPCS code L0637. *See* Complaint at 52-56. GEICO alleges fraud based on a series of conclusions regarding the medical necessity of the LSO, namely, that the Insured had no history of spinal instability, the Insured was receiving chiropractic treatment to increase the range of motion in the spine, the Insured was not fitted for the LSO, and the Insured was prescribed the LSO shortly after a minor car accident. *See* Complaint at 55, ¶211.

Collectively, or standing in isolation, none of these allegations complies with Rule 9(b)'s strict particularity requirement. *See Daniels vs Nat'l City Mortgage*, 2009 U.S. Dist. LEXIS 7382 at *2 (M.D. Fla. Aug. 20, 2009) (noting that the particularity requirement has an important purpose regarding fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges or immoral and fraudulent behavior."). Equally as significant, none of these allegations, alone or in combination, is sufficient to properly plead the predicate acts of wire or mail fraud. *Fines Enters. v. Ruark*, No. 6:16-cv-1244-Orl-37TBS, at *5 (M.D. Fla. Apr. 7, 2017) ("But such conclusory allegations do not identify a single misrepresentation made to Plaintiff that would substantiate mail or wire fraud.").[4]

Thus, Claims Two and Three must be dismissed against Titan and Dr. Nguyen.

**B.  Counts 9 and 15 of the RICO Conspiracy Claims Must be Dismissed with Prejudice**

1. <u>Failure to State RICO Claims Against Dr. Nguyen or Titan Supports Dismissal Of Conspiracy Claims</u>

---

[4] In addition, fraud statutes do not exist to ensnare medical providers for disagreements about the use of CPT codes or disagreements about medical decision making. *See* H.R. REP. NO. 104-736, at 258 (August 21, 1996), *reprinted in* 1996 U.S.C.C.A.N. 1990, 2071 ("The health care fraud statute is "not intended to penalize a person who exercises a health care treatment choice or makes a medical or health care judgment in good faith simply because there is a difference of opinion regarding the form of diagnosis or treatment."); *see also U.S. v. Whiteside*, 285 F.3d 1345, 1351-52 (11th Cir. 2002) (reversing conviction for defrauding government reasoning that "[i]n a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law.").

"To support a claim for a federal or state RICO conspiracy, a plaintiff must `allege an illegal agreement to violate a substantive provision of the RICO statute.' Thus, where a plaintiff fails to state a RICO claim and the conspiracy count does not contain additional allegations, the conspiracy claim necessarily fails." *Rogers v. Nacchio*, 241 Fed. Appx. 602, 609 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004)).

For the reasons set forth herein, the RICO claims against Dr Nguyen and Titan fail. Furthermore, the RICO Conspiracy Claims in Claims 9 and 15 state no additional facts or information to save GEICO from its failure to plead RICO. There is no new or additional information describing any illegal agreement to defraud GEICO. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010).

2. Counts 9 and 15 Fail the *Reeves* Test Because There are No Factual Allegation Describing How Dr. Nguyen or Titan as supposed RICO co-conspirators participated in the management or operation of either Stein P.A. or ISO Diagnostics

The Supreme Court in *Reeves v Ernst & Young*, 507 U.S. 170, 179 (1993) held that to "participate, directly or indirectly, in conduct of [an] enterprise's affairs," within the meaning of the RICO statute, one must have some part in either the management or the operation of the affairs of the enterprise itself. There, the Court held that the accounting firm for a farmer's cooperative sued by purchasers of demand notes did not "participate in operation or management" of the cooperative's affairs, as required to impose liability for accountants under RICO.

In Claim Nine, GEICO alleges that Stein PA was the RICO "enterprise." Similarly, in Claim Fifteen GEICO alleges that ISO Diagnostics was the RICO "enterprise." Nonetheless, absent from the Complaint are any allegations that either Dr. Nguyen or Titan participated in the operation or management of either of these supposed RICO "enterprises" --- Stein P.A. or ISO

16

Diagnostics. *Comcast of South Florida II, Inc. v. Best Cable Supply*, No. 07-22335-CIV-HUCK/SIMONTON, at \*11 (S.D. Fla. Jan. 22, 2008) ("Plaintiffs have failed to sufficiently allege that the individual Defendants participated in the management or operation of the enterprise through a pattern of racketeering activity. "); *Fernau v. Enchante Beauty Prods., Inc.*, No. 18-CV-20866-SCOLA/MCALILEY, at \*7 (S.D. Fla. Sep. 17, 2019) ( dismissing RICO claim finding that plaintiffs failed to allege that defendants participated in the affairs of the enterprise and noting that "[t]he Supreme Court has explained that "liability 'depends on showing that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs."'); *Funding Metrics, LLC v. Decision One Debt Relief LLC*, CASE NO.: 18-81061-CIV-Bloom/Reinhart, at \*16 (S.D. Fla. Feb. 22, 2019) (dismissing RICO claim against certain defendants reasoning that "these allegations fall short of alleging a plausible claim that Veritas, Angelo Anzalone, Sara Anzalone, Castaldo, or Smith had the requisite intent to join a scheme to defraud. Similarly, they fall short of pleading a plausible claim that the Veritas Defendants were aware of fraudulent actions by the Decision One Defendants that are alleged in the Complaint.")

In addition, the Complaint is completely devoid of any allegations that Dr. Nguyen or Titan exercised control over, directed, or managed Stein P.A. or any of its owners or employees, including defendant Stein. Nor are there any allegations that Titan and Stein P.A. did anything more than treat the same patients [Insureds] while providing medical services to victims of car accidents seeking personal injury protection benefits. Treating the same patients or referring one another for medical services to be provided to those patients is insufficient to allege the requisite participation or management under *Reeves.*

Similarly absent from the Complaint are any allegations that Dr. Nguyen or Titan exercised control over, directed, or managed ISO Diagnostics or any of its owners or employees, including defendant David Baruch. Nor are there any allegations that Dr. Nguyen or Titan even ever communicated with or interacted with ISO Diagnostics or any of its owners or employees, including defendant David Baruch.

### C. The Fraud Claim in Claim Five Must be Dismissed for the same reasons

Claim Five must be dismissed against Titan and Dr. Nguyen. "To state a claim of fraud, a plaintiff must show (1) a false statement or an omission of material fact, (2) knowledge of the statement's falsity, (3) intent to induce reliance, and (4) injury resulting from the plaintiff's relying on the statement." *Drilling Consultants, Inc. v. First Montauk Sec. Corp.* , 806 F. Supp. 2d 1228, 1236 (M.D. Fla. 2011) (citing *Ward v. Atl. Sec. Bank* , 777 So. 2d 1144, 1146 (Fla. 3d DCA 2001) ) *Myers v. Provident Life & Accident Ins. Co.*, 564 F. Supp. 3d 1157, 1181 (M.D. Fla. 2021).

For the same reasons that the RICO claims in Claims 2, 3, 9, and 15 fail, the Claim for Fraud must be dismissed. Moreover, there is not a single allegation in the midst of the 100-plus-page Complaint that alleges any information or facts ascribing knowledge or intent to either Titan or Dr. Nguyen sufficient to state a cause of action for fraud. *First Montauk Sec. Corp.*, 806 F. Supp. 2d at 1236.

### D. The Unjust Enrichment Claim Six Must be Dismissed against Titan and Dr. Nguyen.

The unjust enrichment claim (Claim Six) must be dismissed. To state an actionable claim for unjust enrichment, a plaintiff must allege: (1) the plaintiff conferred a benefit on the defendant, (2) of which the defendant was aware and accepted, and (3) it would be inequitable for the defendant to retain the benefits. *Allstate Ins*. *Co*. *v*. *Vizcay*, 826 F.3d 1326, 1330-31 (11th

Cir. 2016) (affirming jury verdict on unjust enrichment claim in favor of insurer against unlawfully operated clinic); *Med. Serv. Ctr.*, 103 F. Supp. 3d at 1355 (granting summary judgment in favor of State Farm on its unjust enrichment claim against unlawfully operated health care clinic which was owned by a lay person but acted like it was owned by a licensed medical professional). Here, GEICO has not alleged any facts – beyond legal conclusions and subjective interpretations of utility of certain CPT codes -- describing how it would be inequitable for Titan and/or Dr. Nguyen to retain PIP benefits.

**E.  The FDUPTA Claim Four Must be Dismissed against Titan and Dr. Nguyen.**

Claim Four must be dismissed against Dr. Nguyen and Titan. To allege a violation of FDUPTA, a plaintiff must allege (1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Feheley v. Lai Games Sales, Inc.,* No. 08-23060-civ, 2009 WL 2474061, at *5 (S.D. Fla. 2009); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.,* No. 10-22153-CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (citing *KC Leisure, Inc. v. Haber,* 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008)). A "deceptive act or unfair practice" may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sundance Apartments I, Inc. v. General Elec. Capital Corp.,* 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008).

Here, GEICO fails to state a violation of the Clinic Act, the Home Medical Equipment licensing laws, or the Florida Patient Brokering and Anti-Kickback Acts. In fact, GEICO does nothing more than regurgitate legal conclusions and launch subjective interpretations concerning the utility of certain treatments rendered by Titan and Dr. Nguyen. Such speculation and conclusory statements cannot plausibly state a deceptive, anti-competitive, or unfair under FDUPTA.

**F.  The Declaratory Relief Claim Must be Dismissed against Titan and Dr. Nguyen.**

Claim One for declaratory relief must be dismissed because that Claim is based on the identical legal conclusions which support dismissal of the other Claims against Dr. Nguyen and Titan. Moreover, the Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Thus, in order to obtain declaratory relief under Section 2201, Plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Grp.,*193 F.3d 1342, 1347 (11th Cir.1999) (quoting *Emory v. Peeler,*756 F.2d 1547, 1552 (11th Cir.1985)) (internal quotations omitted).

Here, GEICO fails to state an actual controversy or likelihood that GEICO will suffer an injury. Instead, GEICO alleges that Titan submitted $75,000 in pending "fraudulent" claims but has not alleged how those pending claims – which GEICO has denied -- might injure GEICO. Likewise, GEICO does nothing more than speculate that Titan or Dr. Nguyen pose a future threat of cause pecuniary harm to GEICO. In fact, GEICO has blocked any future PIP claims submitted by Titan which belies this premise.

## CONCLUSION

For the reasons set forth herein, Dr. Nguyen and Titan request that this Court grant this Motion.