**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:22-cv-61648- SINGHAL/DAMIAN**

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

            Plaintiffs,

vs.

TITAN WELLNESS CENTERS OF FORT MYERS, L.L.C.,
HOA H. NGUYEN, D.C., ISO-DIAGNOSTICS TESTING,
INC, DAVID BARUCH, JOEL D. NGUYEN, D.O., P.A., and
JOEL D. NGUYEN, D.O.,

            Defendants.
_____/

**PLAINTIFFS' NOTICE TO COURT REGARDING**
**TITAN WELLNESS DEFENDANTS' MOTION TO DISMISS**

      Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), respectfully submit this notice to the Court that – for the reasons set forth below – it is withdrawing its claims against Titan Wellness Center of Fort Myers, L.L.C. ("Titan Wellness") and Hoa Nguyen ("Nguyen")(collectively the "Titan Wellness Defendants"), solely to the extent they are predicated on GEICO's allegations that Titan Wellness provided home medical equipment ("HME") without being properly licensed under Fla. Stat. §§ 400.93 and 408.806 (the "HME Licensing Laws"). See ECF No. 1, ¶¶ 70-73, 201.

      GEICO does not withdraw its claims against the Titan Wellness Defendants to the extent that they are based on GEICO's many other allegations against the Titan Wellness Defendants, including allegations to the effect that the Titan Wellness Defendants misrepresented the nature, extent, results,

and medical necessity of their purported healthcare services, and operated in pervasive violation of Florida's Health Care Clinic Act, Fla. Stat. § 400.990 et seq. (the "Clinic Act"), Florida's Patient Brokering Act, Fla. Stat § 817.505, and Florida's Anti-Kickback Statute, Fla. Stat. § 456.054. See ECF No. 1, ¶¶ 46-52, 74-200, 202-213, and passim.

In this context, GEICO alleges in its Complaint – among many other things – that the Titan Wellness Defendants provided many insureds with lumbar-sacral orthotics ("LSOs"), and then billed GEICO for the LSOs under HCPCS code L0637. See ECF No. 1, ¶¶ 197-198. GEICO alleges that the charges for the provision of these LSOs were fraudulent – and thus not eligible for payment – for three, independent, reasons.

First, GEICO alleges that the Titan Wellness Defendants were not entitled to receive no-fault insurance ("personal injury protection" or "PIP") payment for these LSOs because Titan Wellness operated in violation of the licensing and operating requirements set forth in the Clinic Act, as well as in violation of Florida's Patient Brokering Act and Florida's Anti-Kickback Statute, which disqualified the Titan Wellness Defendants from receiving PIP reimbursement. See ECF No. 1, ¶¶ 199-200.

Second, GEICO alleges that the charges for the LSOs were fraudulent and unlawful because they misrepresented the medical necessity for the LSOs. See ECF No. 1, ¶¶ 202-213.

Third, GEICO alleges that the charges for the LSOs were fraudulent and unlawful because Titan Wellness was not licensed under the HME Licensing Laws, and therefore could not lawfully provide LSOs to patients. See ECF No. 1, ¶¶ 70-73, 201.

On February 6, 2023 – after the close of briefing on the Titan Wellness Defendants' motion to dismiss – the Titan Wellness Defendants notified Plaintiffs via letter, for the first time, that they "recently learned" that Titan Wellness was not required to be licensed under the HME Licensing

Laws, because "Florida Statute 400.925(6)" provides an exception for the specific type of LSO provided by Titan Wellness to its patients.

The Titan Wellness Defendants are correct with respect to this narrow point, and accordingly, GEICO respectfully withdraws its claims against the Titan Wellness solely to the extent that they are based on allegations that Titan Wellness provided the LSOs without the necessary HME licensure – namely the third reason set forth above. (The substantive paragraphs containing these allegations can be found in paragraphs 70-73, and 201 of GEICO's Complaint).[1]

However, to avoid any possible confusion, it is important to emphasize that GEICO is not withdrawing its claims with respect to the fraudulent provision of the LSOs as a general matter and instead maintains its claims that the Titan Wellness Defendants' charges for the LSOs were fraudulent and non-reimbursable for the first two reasons set forth above (e.g., the charges for the LSOs misrepresented that the LSOs were medically necessary, and that Titan Wellness was eligible to receive payment, when in fact it was not because it was not in compliance with the Clinic Act, Patient Brokering Act, and Anti-Kickback Statute).

Respectfully submitted,

/s/ John P. Marino
John P. Marino (FBN 814539)
Lindsey R. Trowell (FBN 678783)
Kristen L. Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
jmarino@sgrlaw.com
ltrowell@sgrlaw.com
kwenger@sgrlaw.com

---

[1] References to this allegation can also be found in paragraphs 2(i)(d), 51, 273(i)( c), 279, 287(i), 296 (i), and 312 (i).

    and

    Max Gershenoff (FBN 1038855)
    Yonatan Bernstein (FBN 1035899)
    RIVKIN RADLER LLP
    926 RXR Plaza
    Uniondale, New York 11556
    Phone: (516) 357-3000
    Facsimile: (516) 357-3333
    yonatan.bernstein@rivkin.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

    */s/ John P. Marino*
    Attorney