**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No.:  0:22-cv-61648-AHS**

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

vs.

TITAN WELLNESS CENTERS OF FORT MYERS,
L.L.C., HOA H. NGUYEN, D.C., ISO-DIAGNOSTICS
TESTING, INC, DAVID BARUCH, JOEL D. STEIN, D.O.,
P.A., and JOEL D. STEIN, D.O.,

    Defendants.

_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS JOEL D. STEIN, D.O., P.A., AND JOEL D. STEIN, D.O'S
MOTION TO COMPEL**

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Company (collectively "Plaintiffs" or "GEICO Plaintiffs"), respectfully submit this memorandum in opposition to Defendants Joel D. Stein, D.O., P.A. ("Stein P.A.") and Joel D. Stein, D.O.'s ("Stein")(collectively the "Stein Defendants") motion to compel. See ECF No. 93.

**PRELIMINARY STATEMENT**

Rather than serve appropriate, tailored document requests that – as required by F.R.C.P. 34(b)(1)(A) – "describe with reasonable particularity each item or category of items" to be produced, the Stein Defendants copied and pasted the allegations from virtually every substantive paragraph of Plaintiffs' Complaint, and then demanded 136 separate times that GEICO produce "all documents" that "prove" or "support" the individual allegations contained in each paragraph. See ECF 93-1.

Plaintiffs therefore objected to the Subject Document Requests, noting that they were premature, in the nature of contention interrogatories, and purported to require Plaintiffs to exhaustively compile and produce "all documents" supporting every substantive allegation in their Complaint prior to the conclusion of discovery. See ECF 93-1. Plaintiffs also objected to various of the Subject Document Requests inasmuch as they were so overly broad that they purported to require Plaintiffs to make pretrial and expert disclosures in advance of the deadlines set forth in the Federal Rules and the Court's scheduling order. Id.

As Plaintiffs pointed out, and as discussed more fully below, federal courts in the 11th Circuit and elsewhere regularly hold that requests such as the Subject Document Requests – which purport to require a party to set forth all facts or produce all documents supporting their claims – are unproductive, expensive, overly broad, and unduly burdensome.

As a result, courts in this District and others commonly defer responses to these kinds of requests until the substantial completion of other discovery, to the extent that they require responses at all.

Accordingly, and as discussed herein, the Stein Defendants' motion to compel should be denied, and their frivolous request for sanctions likewise should be denied. To the contrary, and pursuant to Fed. R. Civ. P. 37(a)(5)(B), Plaintiffs should be awarded the reasonable costs and attorneys' fees incurred in responding to this motion.[1]

## ARGUMENT

### I. The Subject Document Requests are in the Nature of Premature, Unduly Burdensome, and Overly Broad Contention Interrogatories

Though the Subject Document Requests are framed as requests for production under Rule 34, rather than as interrogatories under Rule 33, they nonetheless are in the nature of premature, unduly burdensome, and overly broad contention interrogatories. In this context, contention interrogatories are "defined as questions that ask an opposing party to state the facts, evidence, or legal theories upon which it bases its specified contention(s) or that ask an opponent to explain his or her contention(s)." Sanzare v. QBE Specialty Ins. Co., 2023 U.S. Dist. LEXIS 107482 at * 9 (S.D. Fla. 2023). Here, instead of serving explicit contention interrogatories that purported to

---

[1] In a misguided attempt to find support for their motion, the Stein Defendants lard their papers with conclusory recrimination, to the effect that GEICO's claims lack merit, that GEICO lacks evidentiary support for its claims, that GEICO is acting in bad faith, and that GEICO's objections to the Stein Defendants' improper discovery requests somehow proves these points. See ECF No. 93, pp. 5-6, 9. In actuality, the Stein Defendants' contentions are belied by the extremely detailed facts set forth in GEICO's Complaint (and proposed Amended Complaint), which pleads the Defendants' fraudulent and unlawful activities in granular detail, including numerous, claim-specific examples of the Defendants' fraudulent and unlawful conduct. See ECF Nos. 1, 80-1. At bottom, GEICO is perfectly willing to respond to appropriate discovery requests that comply with the Federal Rules, and – indeed – GEICO has already agreed to produce all of its relevant claims files and investigative files regarding the Defendants, among other materials. However, and as discussed herein, Plaintiffs should not be required to respond to the Subject Document Requests, which are improper and objectionable for various reasons.

require Plaintiffs to "identify" all documents that support each of 136 paragraphs in the Complaint, the Stein Defendants have tried to accomplish the same thing via the equally objectionable Subject Document Requests, which purport to require Plaintiffs to "produce" all documents supporting 136 separate paragraphs of the Complaint. The improper effect is the same.

While it true that these sorts of contention requests might possibly constitute a valid discovery tool when "used correctly", "[i]t is a well accepted position that contention interrogatories are often premature until the end of discovery." Christie v. Royal Caribbean Cruises, 2021 U.S. Dist. LEXIS 104863 at *4 (S.D. Fla. 2021)(emphasis added); see also Barbee v. Goldstein (In re Reliance Fin. & Inv. Grp., Inc)., 2006 U.S. Dist. LEXIS 113863 at *10,11 (S.D. Fla. 2006)("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted–typically, at the end of the discovery period"); A.R. v. Dudek, 2015 U.S. Dist. LEXIS 179554 at *19 (S.D. Fla. 2015)("there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed"); In re Checking Account Overdraft Litig., 2010 U.S. Dist. LEXIS 133687 at *31-34 (S.D. Fla. 2010)(same). This is because requests that purport to require a detailed narrative of the opposing party's case are overbroad and oppressive. See Bingham v. Baycare Health Sys., 2016 U.S. Dist. LEXIS 50940 at *5 (M.D. Fla. 2016).

Courts likewise apply these same principles to contention document requests such as the Subject Document Requests in the present case. See, e.g., Pierre v. Intuitive Surgical, Inc., 2018 U.S. Dist. LEXIS 225019 at *5-7 (S.D. Fla. 2018)(holding that a plaintiff did not need to respond to "contention-type discovery requests" – including, much like the Subject Document Requests in the present case, requests for production that sought "documents supporting allegations in specific paragraphs of Plaintiffs' Complaint" – until after discovery was complete); Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc., 2016 U.S. Dist. LEXIS 172808 at * 11 (M.D. Fla.

2016)(finding a request for "any and all documents" that support a contention facially overbroad and not sufficiently particularized); Schwarz v. City of Treasure Island, 2010 U.S. Dist. LEXIS 147411 at * 10 (M.D. Fla. 2010)(denying – as overbroad and oppressive – motion to compel defendant to identify "any and all" documents relative to its contentions); Scigrip, Inc. v. Engineered Bonding Sols., LLC, 2016 U.S. Dist. LEXIS 196564 at * 9 (M.D. Fla. 2016)(denying motion to compel response to contention document request, which sought "all documents that serve as the basis for, support, or refute the contentions or assertions in various paragraphs of the answer to the complaint", because – much like the Subject Document Requests in the present case – it was overly broad); see also Fed. R. Civ. P. 34(b)(providing that requests for production "must describe with reasonable particularity each item or category of items to be inspected"); In re Dealer Mgmt. Sys. Antitrust Litig., 2018 U.S. Dist. LEXIS 197042 at * 22 - * 23 (N.D. Ill. 2018)(refusing to compel responses to requests for "all documents and communications related to Your suspicion, belief, or claims that any Defendant was engaged in any anticompetitive activity or that competition in any market has been harmed" and "all documents and communications" that plaintiffs "contend to be evidence of an illegal agreement between CDK and Reynolds", because – much as in the present case – "requiring Plaintiffs now to lay out their entire case in response to these requests for production, and be faced with continuing to supplement their responses as they take discovery and develop their case, is premature and not proportional to the needs of the case."); Devore v. City of Phila., 2002 U.S. Dist. LEXIS 23522 at * 5 (E.D. Pa. 2002)(striking request for "[e]ach and every document which mentions, discusses, describes, relates to, refers to or embodies in any way Plaintiff's claims or damages or which Plaintiff intends to use in the prosecution of this case", because "[b]road and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous.").

In this context, the Subject Document Requests are textbook examples of overbroad, oppressive, and premature contention-type discovery requests. As such, GEICO properly objected to them. Even so, in their motion to compel, the Stein Defendants argue that GEICO's objection to the Subject Document Requests on the grounds that they are premature and in the nature of a contention interrogatories should be overruled because "[t]here is no such objection as "premature" in a Request for Production after the scheduling order is entered". See ECF No. 93, p.4.

The Stein Defendants are mistaken. In fact, and as discussed above, courts often hold that contention requests – like the Subject Document Requests in the present case – are improper because they are premature, among other reasons.

For instance, in Pierre, supra, the court issued a scheduling order on March 28, 2018. See Pierre et al v. Intuitive Surgical, Inc et al, S.D. Fla. Case No. 0:18-cv-60095-RAR, at ECF No.11. More than six months later, on October 17, 2018 – well after the court issued a scheduling order – the Pierre court not only denied the defendant's motion to compel the plaintiff to respond to contention-type discovery requests, but it further held that plaintiff did not need to respond to the contention-type discovery until "discovery [was] complete". See Pierre at *7. See also Christie, Barbee, and Dudek, supra, which all also noted that contention type discovery requests are not appropriate until the end of discovery.

In this setting, it is unclear where the Stein Defendants come up with the notion that "[t]here is no such objection as 'premature' in a Request for Production after the scheduling order is entered", and the one case they cite for this proposition does not actually stand for the proposition. In particular, the Stein Defendants cite to this Court's decision in Casimir-Chery v. JTI (US) Holding Inc., 2021 U.S. Dist. LEXIS 104152 (S.D. Fla. 2021)(Valle, J). But the decision in Casimir-Chery simply addressed a discovery dispute about whether discovery requests were

6

relevant and/or overbroad – it had nothing to do with whether the requests were premature or in the nature of a contention interrogatories.

As such, GEICO properly objected to the Subject Document Requests – in part – on this basis. Not only that, and contrary to the Stein Defendants' false claim that GEICO's objections were "boilerplate" – <u>see</u> ECF No. 93, p.5. – GEICO explained the basis for its objections <u>and</u> cited to two of the many cases that support its objections, namely <u>Pierre</u> and <u>In re Checking,</u> <u>supra</u>. Nonetheless, the Stein Defendants attempt to distinguish these two cases by claiming they are "interrogatory cases" – which, according to the Stein Defendants, apparently makes these cases distinguishable from the present case in which GEICO objected to <u>document requests</u>. <u>See</u> ECF No. 93, p.5. However, and as set forth above, the Stein Defendants are mistaken. Courts commonly sustain objections to contention-type document requests, just as they sustain objections to contention interrogatories. <u>See</u>, <u>e.g.</u>, <u>Pierre</u>, <u>supra</u>; <u>Houston Specialty Ins. Co.</u>, <u>supra</u>; <u>Schwarz</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>In re Dealer Mgmt. Sys.</u>, <u>supra</u>; <u>Devore</u>, <u>supra</u>.

It is easy to see why courts commonly find contention document requests to be improper and oppressive, and defer responses to such requests until after substantial discovery is completed, to the extent that they require responses at all. In particular, and as the <u>In re Dealer Mgmt. Sys.</u> court pointed out, "requiring Plaintiffs now to lay out their entire case in response to these requests for production, and be faced with continuing to supplement their responses as they take discovery and develop their case, is premature and not proportional to the needs of the case." <u>See</u> <u>also</u> <u>Pierre</u>, <u>supra</u> at * 6 (noting that forcing a party to respond to contention document requests early in the litigation "compounds the time, effort, and cost of litigation", since the party very may well have to respond again later in discovery).

### II. The Stein Defendants Ignore GEICO's Other Objections to the Subject Document Requests

In addition to objecting to the Subject Document Requests because they are premature and in the nature of contention interrogatories, GEICO also objected to many of them because the Stein Defendants' request that GEICO produce "all documents" that "prove" or "support" its allegations also purports to require GEICO to make pre-trial and expert disclosures in advance of the Rule 26 deadlines, as well as this Court's case management deadlines.

For instance, one group of documents that GEICO plans to rely upon at trial or summary judgment to "prove" or "support" its allegations are documents that will be prepared by its expert witnesses, and yet, pursuant to this Court's scheduling order and Rule 26, GEICO is not due to produce its expert disclosures until November 8, 2023. See ECF No. 45, p.2.

Likewise, many of the other documents that GEICO will be using to "prove" its allegations are documents that Stein and their co-defendants possess – many of which they have not yet turned over – or are documents that do not yet exist (for instance deposition transcripts that GEICO may use at trial or on summary judgment to prove its allegations). This not only further underscores the premature nature of the Stein Defendants' request that GEICO produce "all documents" that "support" or "prove" its allegations, but – pursuant to this Court's case management order and Rule 26 – GEICO is not due to identify and produce many of these documents until February 2024. Id., p.3 (for example, GEICO is not due to file the depositions it will be using at trial until February 25, 2024, and is not due to propose demonstrative exhibits until February 14, 2024).

### III. The Stein Defendants' Frivolous Request for Sanctions Should be Denied

The Stein Defendants include a frivolous request for "Rule 26 and Rule 11 sanctions" in their motion, but they advance no colorable basis for their request. Instead, they simply posit, in conclusory fashion, that sanctions supposedly are warranted because Plaintiffs supposedly

"provided no basis for the objections" to the Subject Document Requests, and somehow, at the same time, "misstated the local rulings to support their objections". <u>See</u> ECF No. 93, p. 5.

In fact, and as set forth above, Plaintiffs have provided ample basis for their objections to the Subject Document Requests, including citations to various cases sustaining objections to similarly-improper contention-type discovery requests. Leaving aside their conclusory recrimination, the Stein Defendants never get around to explaining how Plaintiffs actually "misstated" the decisions from any of these cases.

More generally – and underscoring the frivolousness of their sanctions request – the Stein Defendants never served any safe harbor letter under Rule 11, never specify what aspect of Rule 11 or Rule 26 provides for sanctions in this context, and do not make any plausible legal argument, or offer anything but conclusory statements, to demonstrate that sanctions are warranted. In fact, Rule 26 does not provide for sanctions in this context, and neither does Rule 11. <u>See</u> <u>Incardone v. Royal Carribean Cruises</u>, 2019 U.S. Dist. LEXIS 231454 at * 10 (S.D. Fla. 2019)(Rule 11 "does not apply to disclosures and discovery requests, responses [and] objections …").

**IV.     The Court Should Award Attorneys' Fees and Costs to Plaintiffs, Pursuant to Rule 37(a)(5)(B)**

As discussed above, the Stein Defendants' motion to compel lacks merit, and – indeed – the motion is largely based on conclusory and false recrimination, rather than reasoned legal argument. The Stein Defendants go so far as to waste the Court's time and Plaintiffs' time with an utterly baseless request for sanctions under Rule 11 and Rule 26.

Accordingly, Plaintiffs respectfully request that the Court award them the reasonable costs and attorneys' fees incurred in responding to this motion, pursuant to Rule 37(a)(5)(B).

## CONCLUSION

For the reasons set forth above, the Stein Defendants' motion to compel and request for sanctions should be denied, and Plaintiffs should be awarded the reasonable costs and attorneys' fees incurred in responding to this motion.

Respectfully submitted,

*/s/ Max S. Gershenoff*
Max Gershenoff (FBN 1038855)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
Lindsey R. Trowell (FBN 678783)
Yonatan Meir Bernstein (FBN 1035899)
RIVKIN RADLER, LLP
Riverplace Tower
1301 Riverplace Blvd.
Suite 1000
Jacksonville, FL 32207
Phone: (904) 791-8948
Facsimile: (904) 598-6225
Max.Gershenoff@rivkin.com
John.Marino@rivkin.com
Kristen.Wenger@rivkin.com
Lindsey.Trowell@rivkin.com
Yonatan.Bernstein@rivkin.com

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice and this document to the counsel of record in this case.

*/s/ Max Gershenoff*